## ARNETT LILLEY V. THE STATE.

No. 21415. Delivered February 5, 1941.

The opinion states the case.

No attorney for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant has filed a brief in this cause asking that the appeal be dismissed, as well as the prosecution in the court below. Several complaints in his motion, or brief and argument, whichever he intended it should be, complain of the irregular procedure through which appellant has been compelled to go. Some of the things stated by him would be subject for consideration by this court if he had brought them here properly by record and had effectively invoked the jurisdiction of this court. We even find more irregularities than he mentions. However, it appears that they are chargeable to the diligence of appellant and not altogether to the prosecution.

First, there is no caption showing when the term of court began and ended. Second, there is no judgment of conviction to be found in the record. The clerk has copied only what appears to be a docket memorandum of the jury's action, which does not purport to be a judgment of the court thereon. Third, a motion for new trial was filed in the case. The record does not show that this motion was ever acted on. Fourth, a bond was filed by appellant and, as copied in the transcript before us, is fatally defective in that it permits the appellant to "depart without leave of this court, in order to abide the judgment of the Court of Criminal Appeals of the State of Texas."

Finally and fatally from "kivver to kivver" there is no notice of appeal, without which this court has no jurisdiction of the irregularities either of the prosecution or of the defense.

Accordingly, the appeal is dismissed.